IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISMAEL MOHAMMED, | : | CIVIL ACTION NO. **4:CV-13-0517** |
| Petitioner | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| WAYNE J. GAVIN, *et al.*, | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I.    Background.**

On February 25, 2013, Petitioner, Ismael Mohammed, currently an inmate at SCI-Waymart, Waymart, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner filed a Motion for leave to proceed *in forma pauperis*[1] on March 6, 2013. (Doc. 4). Petitioner names as a Respondents Wayne J. Gavin, Superintendent at SCI-Waymart, and the Pennsylvania Attorney General.

We have not yet issued a Show Cause Order and directed Respondents to respond to the habeas petition. We now give preliminary consideration to the habeas petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[2]

---

[1] We recommend that the Court defer decision on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) to the U.S. District Court for the Eastern District of Pennsylvania.

[2] Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

In his habeas petition, Petitioner indicates that after he pled not guilty, he was convicted by a jury on October 22, 2004, in the Court of Common Pleas of Lehigh County. Petitioner states that on February 3, 2005, he received a prison sentence to a minimum of 25½ to a maximum of 51years for "a number of sexual offenses committed on two young children."

In his present §2254 habeas petition, Petitioner challenges his Lehigh County Court judgment of sentence claiming, in part, that the "Lower Court [Lehigh County Court] was in error and the Commonwealth failed to exercise due diligence in its duty to discover and release to the Defendant all inculpatory and exculpatory materials." (Doc. 1, p. 6). Furthermore, Petitioner alleges that "the police failed to place alleged inculpatory statement into their police reports and the Court and Defendant were only made aware of the existence of those statements by the prosecuting attorney during the pretrial proceedings; wherein Commonwealth gained benefit of surprise." (*Id.*,p. 6). In Ground Two of his habeas petition, Petitioner states that there was testimony admitted at trial made by a child witness that should be inadmissable hearsay. Petitioner further states that the"child['s] statements made to its (sic) foster mother was 'excited utterance' and therefore the hearsay rule should apply, and said statement should not have been allowed into evidence." (*Id.*, p. 7).

As relief in his habeas petition, Petitioner seeks a "final decision that will grant relief; or in the alternative allow [him] to proceed to the federal court on a petition for writ of habeas corpus." (*Id.*, p. 15).[3]

---

[3]We do not decide if Petitioner's habeas petition was untimely filed regarding his challenge to his February 3, 2005 Lehigh County Court judgment of sentence. Section 2244(d)(1)(A) provides that the limitation period in this matter began to run on "the date on

## II.     Discussion.

In the above-referenced § 2254 habeas case, Petitioner indicates that all of the events surrounding his present habeas claims occurred in Lehigh County which is located in the Eastern District of Pennsylvania. Petitioner challenges his 25½ to 51 year prison sentence imposed by the Lehigh County Court on February 3, 2005.

With respect to Petitioner's challenge to his Lehigh County Court judgment of sentence, his claim that the Commonwealth and the prosecuting attorney used the benefit of surprise in not introducing evidence until the pretrial proceedings and his claim that there was improper introduction of hearsay testimony at trial, we will recommend that Petitioner's §2254 habeas petition be transferred to the U.S. District Court for the Eastern District of Pennsylvania. Petitioner appears to indicate that he exhausted his state court remedies regarding his challenge to his Lehigh County judgment of sentence.[4] However, as noted, since we will recommend Petitioner 's habeas petition be transferred to the U.S. District Court for the Eastern District of Pennsylvania, we do not

---

which the judgement becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The amended provisions of 28 U.S.C. §2244(d)(1) impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Additionally, " the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

[4]We do not decide if Petitioner's habeas claims were exhausted in state court as required. *See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted).

3

address if Petitioner completed exhaustion of all his habeas claims in state court and if Petitioner timely filed his habeas petition.

Petitioner's instant habeas claims do not relate to his present conditions of confinement at SCI-Waymart. Rather, Petitioner's habeas claims challenge his Lehigh County Court judgment of sentence.

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging his 25½ to 51year prison sentence imposed by the Lehigh County Court. Petitioner is claiming, that the prosecuting attorney gained the benefit of surprise and that there was improper introduction of hearsay testimony at trial. Petitioner's claims all accrued in the Eastern District of Pennsylvania. All records of Petitioner's state court conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania.

We find that the Court should transfer Petitioner's habeas petition to the United States District Court for the Eastern District of Pennsylvania. We find that for the convenience of the parties and witnesses, and in the interest of justice this Court should transfer Petitioner's habeas petition to the United States District Court for the Eastern District of Pennsylvania. *See Akers* v. *Diguglielmo*, 2008 WL 4847048 (E.D. Pa. Nov. 5, 2008). As discussed, all of the conduct giving

4

rise to Petitioner's habeas claims, as well as his challenged sentence, occurred in the Eastern District of Pennsylvania. *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.); *Morales v. Palakovich*, Civil No. 10-0036, M.D. Pa., 2-9-10 Order, J. Kosik (§ 2254 Habeas Petition of inmate confined in Middle District of Pennsylvania challenging his Lancaster County, Pennsylvania, conviction and sentence was transferred to the Eastern District of Pennsylvania).

Thus, we will recommend that Petitioner Mohammed's habeas petition be transferred to the United States District Court for the Eastern District of Pennsylvania.

**III.     Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Mohammed's habeas petition **(Doc. 1)** be transferred to the United States District Court for the Eastern District of Pennsylvania. Furthermore, we recommend that the Court defer decision on Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc. 4)** to the U.S. District Court for the Eastern District of Pennsylvania.

                                **s/ Thomas M. Blewitt**
                                **THOMAS M. BLEWITT**
                                **United States Magistrate Judge**

**Dated: March 12, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISMAEL MOHAMMED, | : | CIVIL ACTION NO. **4:CV-13-0517** |
| Petitioner | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| WAYNE J. GAVIN, *et al.*, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **March 12, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: March 12, 2013**